# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
## NORTHERN DIVISION

|  |  |
|---|---|
| Terrence Massey and Jaime Massey, | : |
|  | : |
|  Plaintiffs, | : Civil Action No.: 1:13-cv-02249 |
| v. | : |
|  | : |
| Delmarva Capital Services, LLC; and DOES 1- | : **COMPLAINT** |
| 10, inclusive, | : |
|  | : |
|  Defendants. | : |
|  | : |

For this Complaint, Plaintiffs, Terrence Massey and Jaime Massey, by undersigned counsel, state as follows:

## JURISDICTION

1.       This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the Maryland Consumer Debt Collection Act, Md. Code Comm. Law § 14-201, *et seq.* (the "MCDCA"), in their illegal efforts to collect a consumer debt.

2.       Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.       Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.       Plaintiffs, Terrence Massey (hereafter "Terrence") and Jaime Massey (hereafter "Jaime" and together with Terrence, the "Plaintiffs"), are adult individuals residing in Annapolis, Maryland, and are each a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.       Defendant, Delmarva Capital Services, LLC ("Delmarva"), is a Maryland

business entity with an address of 5355 Nottingham Drive, Suite 100, Nottingham, Maryland 21236, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Delmarva and whose identities are currently unknown to Plaintiffs.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Delmarva at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

8.      Plaintiffs allegedly incurred financial obligations (the "Debt" or "Debts") to original creditors (the "Creditor").

9.      The Debts arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debts were purchased, assigned or transferred to Delmarva for collection, or Delmarva was employed by the Creditor to collect the Debts.

11.     Defendants attempted to collect the Debts and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.  Delmarva Engages in Harassment and Abusive Tactics

12.     Within the last year, Delmarva contacted Plaintiffs in an attempt to collect the Debts.

13.     During Plaintiffs' initial telephone conversation with Delmarva and each communication thereafter, Terrence informed Delmarva that Plaintiffs could not pay the Debt because Jaime was unemployed.  As such, Terrence requested that Delmarva cease all calls to

Plaintiffs' telephone number.

14.     Nonetheless, Delmarva continued to place daily calls to Plaintiffs' home

telephone with no intent other than to harass and annoy plaintiffs.

15.     Moreover, Delmarva failed to send Plaintiffs written correspondence in regards to

each Debt owed, informing Plaintiffs of their rights under federal law.

**C.  Plaintiffs Suffered Actual Damages**

16.     Plaintiffs have suffered and continue to suffer actual damages as a result of

Defendants' unlawful conduct.

17.     As a direct consequence of Defendants' acts, practices and conduct, Plaintiffs

suffered and continue to suffer from humiliation, anger, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.***

18.     Plaintiffs incorporates by reference all of the above paragraphs of this Complaint

as though fully stated herein.

19.     Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in

behavior the natural consequence of which was to harass, oppress, or abuse Plaintiffs in

connection with the collection of a debt.

20.     Defendants' conduct violated 15 U.S.C. § 1692d(5)  in that Defendants caused a

phone to ring repeatedly and engaged Plaintiffs in telephone conversations, with the intent to

annoy and harass.

21.     Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair

and unconscionable means to collect a debt.

22.     Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to

send Plaintiffs an initial letter within five days of its initial contact with Plaintiffs as required by

3

law.

23.     The foregoing acts and omissions of Defendant constitute numerous and multiple

violations of the FDCPA, including every one of the above-cited provisions.

24.     Plaintiffs are entitled to damages as a result of Defendant's violations.

**COUNT II**
**VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT**
**MD. CODE COMM. LAW § 14-201, *et seq.***

25.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint

as though fully stated herein.

26.     Defendants are each individually a "collector" as defined under MD. Code

Comm. Law § 14-201(b).

27.     The debt is a "consumer transaction" as defined under MD. Code Comm. Law

§ 14-201(c).

28.     Defendants repeatedly contacted Plaintiffs with the intent to harass or abuse, in

violation of MD. Code Comm. Law § 14-202(6).

29.     Plaintiffs are entitled to damages proximately caused by Defendants' violations.

**COUNT III**
**INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**

30.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint

as though fully stated herein.

31.     The *Restatement of Torts, Second,* § 652(b) defines intrusion upon seclusion as,

"One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs

or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be

highly offensive to a reasonable person."

32.     Maryland further recognizes Plaintiffs' right to be free from invasions of privacy,

4

thus Defendants violated Maryland state law.

33.     Defendants intentionally intruded upon Plaintiffs' right to privacy by continually harassing Plaintiffs with the above-referenced telephone calls.

34.     The telephone calls made by Defendants to Plaintiffs were so persistent and repeated with such frequency as to be considered "hounding Plaintiffs" and "a substantial burden to her existence," thus satisfying the *Restatement of Torts, Second,* § 652(b) requirement for an invasion of privacy.

35.     The conduct of Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

36.     As a result of the intrusions and invasions, Plaintiffs are entitled to actual damages in an amount to be determined at trial from Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendants:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendants;

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4.  Actual damages pursuant to MD. Code Comm. Law § 14-203;

5.  Actual damages pursuant to MD. Ann. Code. Bus. Reg. § 7-401(b);

6.  Actual damages from Defendants for the all damages suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional,

reckless, and/or negligent invasions of privacy in an amount to be

determined at trial for Plaintiffs; and

7.   Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 2, 2013

Respectfully submitted,

By   */s/ Sergei Lemberg*
Sergei Lemberg, Esq.
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
ATTORNEYS FOR PLAINTIFFS